**E-FILED**
Tuesday, 27 March, 2007  11:03:10 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

**FILED**

MAR 2 7 2007

JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CRIMINAL NO. CR06-20081 |
| | ) |
| ANDRE JACKSON, | ) |
| | ) |
| Defendant. | ) |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the

United States of America by Rodger A. Heaton, United States Attorney for the Central

District of Illinois, and Colin S. Bruce, Assistant United States Attorney, and the

defendant, Andre Jackson, personally and by his attorney, John C. Taylor, have agreed

upon the following:

SCOPE

1.     This document contains the complete and only plea agreement between

the United States Attorney for the Central District of Illinois and the defendant.  This

agreement supersedes and replaces any and all prior formal and informal, written and

oral, express and implied, plea agreements between the parties.  No other agreement,

understanding, promise, or condition between the United States Attorney for the

Central District of Illinois and the defendant exists, except as set forth in this plea

agreement.

- 2 -

2.      This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant.  It does not bind any United States Attorney outside the Central District of Illinois, nor does it bind any state or local prosecutor.  In addition, the plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

## THE PLEA

3.      Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant will enter a plea of guilty to the indictment in this cause.  The indictment charges the defendant with (Count One) possession of five or more grams of cocaine base ("crack") with the intent to distribute in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B) and (Count Two) attempt to manufacture of 50 or more grams of cocaine base ("crack"), in violation of  21 U.S.C. §§841(a)(1) and (b)(1)(A).  Pursuant to Fed.R.Crim.P. 11(c)(1)(B), if the Court does not accept the recommendations of the parties as set forth below, the defendant understands that he does not have the right to withdraw his plea of guilty.

## ELEMENTS OF THE CHARGE

4.      The defendant has personally read the indictment and the charge to which the defendant is pleading guilty.  The indictment and the charge have been explained to the defendant by the defendant's attorney.  Furthermore, the defendant fully understands the nature and elements of the crime(s) to which the defendant is pleading guilty.

- 3 -

<u>Count One</u>

5.    The offense of possession of five or more grams of cocaine base ("crack") with the intent to distribute in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B), as charged in Count One, has the following elements, each of which the prosecution must prove beyond a reasonable doubt.

6.    -First, that the defendant knowingly possessed five or more grams of cocaine base ("crack");

-Second, that the defendant possessed the cocaine base ("crack")  with the intent to distribute it; and,

-Third, that the defendant knew the substance was a controlled substance.

<u>Count Two</u>

7.    The offense of attempt to manufacture of 50 or more grams of cocaine base ("crack"), in violation of  21 U.S.C. §§841(a)(1) and (b)(1)(A), as charged in Count Two, has the following elements, each of which the prosecution must prove beyond a reasonable doubt.

8.    -First, that the defendant attempted to manufacture 50 or more grams of cocaine base("crack");

-Second, that the defendant did so knowingly; and,

-Third, that the defendant knew the substance was a controlled substance.

9.    The term "distribution" means the transfer of possession from one person to another.

- 4 -

10.     The term "knowingly" means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident.

11.     The term "cocaine base" as used in this Plea Agreement refers to the substance commonly known by the street name "crack" and referenced in U.S.S.G. § 2D1.1(c) note (D).

<u>POTENTIAL PENALTIES</u>

12.     Despite the exercise of due diligence, the United States is unaware of a prior qualifying felony drug conviction under Title 21, United States Code, Section 851 which would enhance the defendant's statutory mandatory minimum penalty.

<u>Count One</u>

13.     The charge of possession of five or more grams of cocaine base ("crack") with the intent to distribute in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B) has the following potential penalties:

(a)     If the defendant had **no prior felony drug conviction** at the time of the offense, the potential penalties are:

(1)     Mandatory minimum five to maximum forty year period of imprisonment;

(2)     Maximum $2,000,000 fine;

(3)     Mandatory minimum four year to maximum five year period of supervised release.

- 5 -

(b)     If the defendant had a **prior felony drug conviction** at the time of the offense, the potential penalties are:

(1)     Mandatory minimum ten year period to life imprisonment;

(2)     Maximum $4,000,000 fine;

(3)     Mandatory eight year period of supervised release.

<u>Count Two</u>

14.     The charge of attempt to manufacture of 50 or more grams of cocaine base ("crack"), in violation of  21 U.S.C. §§841(a)(1) and (b)(1)(A) has the following potential penalties:

(a)     If the defendant had **no prior felony drug conviction** at the time of the offense, the potential penalties are:

(1)     Mandatory minimum ten year period to life imprisonment;

(2)     Maximum $4,000,000 fine;

(3)     Mandatory minimum  five year period of supervised release.

(b)     If the defendant had **one prior felony drug conviction** at the time of the offense, the potential penalties are:

(1)     Mandatory minimum twenty year period to life imprisonment;

(2)     Maximum $8,000,000 fine;

(3)     Mandatory ten year period of supervised release.

- 6 -

    (c)     If the defendant had **two prior felony drug convictions** at the time of the offense, the potential penalties are:

        (1)     Mandatory life imprisonment without possibility of release;

        (2)     Maximum $8,000,000 fine;

<u>Maximum Consecutive Sentences</u>

15.    The defendant understands that the sentences on each count to which he is pleading guilty may be ordered to be served consecutively (in addition to each other). Consequently, the *maximum possible sentence* which could be imposed on the combined counts is:

        (1)     up to life in prison;

        (2)     up to a $16,0000 fine;

        (3)     up to life term of supervised release.

<u>Special Assessment</u>

16.    The defendant further understands and agrees to pay the mandatory $100 Special Assessment for each count of the Indictment to which the defendant is entering a Plea of Guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the United States District Court and understands that he will be required to do so as a condition of this Plea Agreement. No failure to comply with this requirement, however, will constitute grounds for the defendant to withdraw any plea of guilty.

- 7 -

Supervised Release

17.     The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

Restitution

18.     The defendant understands and agrees that the Court may be required to order the defendant to pay restitution. The parties to this agreement have not reached a determination on the issue of restitution. The defendant further acknowledges that the Court may order the defendant to pay the cost of incarceration and supervision. The parties acknowledge that the Court may order restitution in whatever amount it deems proper.

19.     The defendant acknowledges and understands that any and all financial obligations imposed by the Court, including any fines and restitution, are due and payable upon entry of the judgment of conviction. Further, the defendant agrees not to request any delay or stay in the payment of any and all financial obligations.

ACCEPTANCE OF RESPONSIBILITY

20.     The United States agrees, based upon the facts currently known by the United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct in accordance with § 3E1.1 of the United States Sentencing Guidelines and, therefore, a two-level

- 8 -

reduction in the offense level is appropriate. Acceptance of personal responsibility shall include cooperating fully with the United States Probation Office in the preparation of a presentence report and not committing any bond violations while on pretrial release, including but not limited to the commission of any local, state or federal offenses. This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility in the opinion of the United States.

21.    The United States agrees to move at sentencing for an additional one-level reduction in offense level because the defendant agrees to assist authorities in the investigation or prosecution of the charged misconduct by timely notifying authorities of the intention to enter a plea of guilty, thereby permitting the United States and the Court to allocate their resources efficiently.

22.    The defendant understands that the Court will not be bound under this agreement by the positions of either party and will be free to make its own independent determination concerning the defendant's acceptance of responsibility. An objection to the Court's ruling will not give the defendant any right to withdraw his guilty plea.

<u>COOPERATION BY THE DEFENDANT</u>

23.    The United States agrees that at the time of sentencing it will fully inform the Court of the nature, extent, and value of any cooperation rendered by the defendant.

24.    The defendant agrees to waive any rights the defendant may have under the Speedy Trial Act, and the defendant understands that his sentencing may be

- 9 -

delayed until his cooperation has been completed so that at sentencing the Court will have the benefit of all relevant information.

25.    The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the advisory Sentencing Guideline range pursuant to § 5K1.1 of the Sentencing Guidelines and from any mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e) if the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses.  The extent of any such recommended departure will depend solely upon the United States' evaluation of the nature, extent, and value of the defendant's assistance, including his truthfulness.

26.    The defendant and his attorney acknowledge that they have reviewed, and the defendant understands, the possible application of Title 18, United States Code, Section 3553(e) and United States Sentencing Guidelines Section 5K.1.1.  They further acknowledge, consistent with Application Note 3 to that Section, that the United States is in the best position to assess the value of the defendant's cooperation to the United States and its law enforcement efforts.  In return for receiving the opportunity to cooperate with the United States and for the opportunity to be considered by the United States for a motion and recommendation for a downward departure pursuant to Title 18, United States Code, Section 3553(e) and /or U.S.S.G. § 5K1.1, the defendant and his

- 10 -

attorney agree to limit any argument regarding the extent of a downward departure for

substantial assistance to only those grounds specifically set forth in Title 18, United

States Code, Section 3553(e) and /or U.S.S.G.§ 5K1.1. and its application notes.

ADVISORY SENTENCING GUIDELINES

27.     The defendant understands that the Court will calculate the defendant's

offense level and criminal history category under the United States Sentencing

Guidelines, and that the Court will use those calculations to arrive at an advisory

sentencing range under the Guidelines.  The defendant understands that the Court

must consider the advisory Sentencing Guideline range when imposing sentence.  The

Court shall also consider the other factors listed under Title 18, United States Code,

Section 3553(a) in determining the specific sentence to be imposed.  The defendant

understands that although the Sentencing Guidelines are advisory, the Court may

choose to impose sentence in accordance with the Sentencing Guidelines.

SENTENCING RECOMMENDATIONS AND
THEIR EFFECT UPON THE COURT

28.     The United States agrees to recommend a sentence in the middle to low-

end of the of the applicable Sentencing Guideline range, as determined by the Court.

The defendant remains free to recommend whatever sentence the defendant deems

appropriate, unless the United States makes a downward departure motion for

substantial assistance in which case the defendant is limited in his recommendation as

described above.

- 11 -

29.    The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum.  The defendant agrees and understands that the defendant will not be allowed to withdraw the defendant's guilty plea because of an objection to the calculation of the Sentencing Guidelines, or to the Court's sentencing findings or rulings, or because the defendant receives a sentence higher than that recommended under the plea agreement.

30.    The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum.

31.    The defendant agrees and understands that he will not be allowed to withdraw his guilty plea because of an objection to the calculation of the Sentencing Guidelines or to the Court's sentencing findings or rulings or because the defendant receives a sentence higher than that recommended under the plea agreement.

### STIPULATION OF FACTS

32.    The defendant will plead guilty because he is in fact guilty.  In pleading guilty, the defendant stipulates and agrees to the following:

On October 5th, 2006 at approximately 8:20 p.m., a search warrant for controlled substances was executed at                in Decatur, Macon County, Il.  This is the residence of ANDRE M. JACKSON.  When officers entered the residence, Detective Sturdivant observed ANDRE M.

- 12 -

JACKSON (hereinafter "JACKSON") emerge from the kitchen and ordered him to the ground. When Detective Sturdivant secured JACKSON into handcuffs, he noticed both of his hands were wet.

A female identified as Phillisha F. Jones (hereinafter "JONES") was located in the dining room of the residence.

JACKSON was verbally advised of his Miranda Rights which he stated he understood. JACKSON stated that he would speak concerning this investigation. JACKSON was asked if there were any illegal drugs inside the residence and he stated there was some cocaine in the kitchen but it did not belong to him.

In the kitchen, it appeared that someone was in the process of cooking cocaine-base (crack). There was a washing machine along the north wall of the kitchen. On the floor next to the washing machine, the floor was wet. There was a electric cooking bowl turned over between the washing machine and counter. The cooking bowl was still warm to the touch and had to be unplugged from the wall outlet.

- 13 -

On top of the washing machine, two (2) patties of what appeared to be cocaine-base(crack) were located. It appeared the patties had been dumped out of the cooking bowl onto the washing machine. These two patties were sent to the Illinois State Police Crime Lab for substance analysis and was determined to be 42.8 grams of cocaine-base (crack). On a kitchen counter in the kitchen, two separate bags of suspected powder cocaine was located. The two bags were sent to the Illinois State Police Crime Lab for substance analysis and determined to contain 42 grams of powder cocaine and 7 grams of powder cocaine. On the same kitchen counter as the powder cocaine, a functional digital scale was located along with a box of baking soda and sandwich bags. Also on the kitchen counter, a spoon and a glass measuring cup were located both of which had a white residue on them. Also in the kitchen in plain view, a bowl and thermos filled with ice was located.

In the living room of the residence, a wallet was found which inside contained numerous documents in the name of JACKSON. This wallet was also found to contain $1,105.00 in U.S. Currency. In the dining room of the residence, a power bill dated 04/17/06 was located. The power bill was addressed to JACKSON at                    .

- 14 -

JONES later made a statement under Miranda Rights. JONES advised

Detectivesthat she arrived at                at approximately 5:00 p.m. On

10/05/06. JONES advised that when she entered the residence, she and

JACKSON were the only people inside the residence.


JONES advised that when she entered the residence, she observed a clear

plastic sandwich bag sitting on the floor in the front room. JONES

advised that this bag contained a white powdery substance that she

believed was cocaine. JONES advised that shortly after she arrived,

JACKSON picked up the plastic bag which contained suspected cocaine

and took it into the kitchen. JONES did not know what JACKSON did

with the suspected cocaine in the kitchen.


JONES advised that from the time she arrived at the residence until the

Police arrived, no other people came to the residence. JONES advised that

she had been at this residence the day before and observed JACKSON in

possession of a plastic bag which contained suspected cocaine.


JACKSON was later interviewed further at the Law Enforcement Center.

This interview was audio and video recorded. During this interview,

JACKSON was advised that approximately 90 grams of cocaine was

- 15 -

recovered in the kitchen. JACKSON advised there was not that much

cocaine there and that it should be around 63 grams of cocaine.

JACKSON indicated the cocaine belonged to a subject who had just left

the residence. JACKSON advised that he knew how much cocaine was

there because he was present when the cocaine was placed on a digital

scale. JACKSON later advised that he gets paid $300-$400 dollars each

time he allows someone to cook cocaine-base (crack) in his residence.

JACKON indicated that he has allowed  cocaine-base (crack) to be cooked

in his residence less then five (5) times over the past year.


JACKSON indicated he had already dropped the "junkie" off who had

cooked the crack cocaine.  JACKSON indicated the powder cocaine was

not cooked yet because the first batch of cocaine-base (crack) did not come

back very good.  JACKSON indicated that he was going to package the

cocaine up and either take it to the subject it belonged to or that person

would come and pick it up.


Expert testimony would establish that the amount of cocaine base ("crack") and

the packaging and manufacturing materials were consistent with manufacture

- 16 -

and distribution, and nt personal use. Further, the amount of cocaine base ("crack"), powder cocaine and other materials was consistent with the manufacturing of over 50 grams of cocaine base("crack").

## WAIVER OF NOTICE OF PRIOR DRUG CONVICTION

33.    The defendant expressly waives any right the defendant has pursuant to Title 21, United States Code, Section 851 to require the United States Attorney's Office to file and serve an information stating in writing the prior felony drug convictions that support any enhanced sentence.

## WAIVER OF RIGHT OF APPEAL FROM CONVICTION AND SENTENCE

34.    The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.

- 17 -

### WAIVER OF RIGHT TO COLLATERAL ATTACK

35.    The defendant also understands that he has a right to attack his conviction or sentence collaterally on the grounds that the Constitution or laws of the United States were violated, he received ineffective assistance from his attorney, this Court was without proper jurisdiction or the conviction or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant but has made no recommendation to the defendant as to the waiver of a motion under Title 28, United States Code, Section 2255. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, specifically including the opportunity to cooperate with the United States and possibly provide sufficient substantial assistance to induce a motion for a downward departure as set forth above, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral

- 18 -

attack, including, but not limited to, a motion brought under Title 28, United States

Code, Section 2255.  The defendant acknowledges and agrees that the effect of this

waiver is to completely waive any and all rights and ability to appeal or collaterally

attack any issues relating to his conviction and to his sentence so long as the sentence is

within the maximum provided in the statutes of conviction.

### ACKNOWLEDGMENT OF VOLUNTARINESS OF WAIVER

36.    The defendant states that he has not been coerced, threatened,

intimidated, or in any other way involuntarily persuaded to waive his rights to appeal

or collaterally attack his sentence by his attorney or anyone else.  The defendant is

waiving those rights because he *personally* believes it is in his best interest to do so in

order to obtain the benefit of the concessions made by the United States in this

agreement.  The defendant understands the United States is unwilling to make some of

those concessions unless he is willing to waive his rights to appeal or collaterally attack

his sentence as part of the bargain.  The defendant and asks the Court to accept this

waiver so he can receive the full benefit of this agreement.

### VIOLATION OF AGREEMENT BY DEFENDANT

37.    The defendant further agrees that if the defendant violates the terms of

this plea agreement the United States has the option to declare  the plea agreement  null

and void.  In the event the United States exercises its option to declare the plea

agreement null and void, the United States will be completely released from all of its

obligations under this plea agreement and the United States will be free to seek to

- 19 -

vacate the defendant's conviction and/sentence, and to reinstate any previously dismissed charges against the defendant or to seek the defendant's resentencing. However, in the event the United States exercises its option to declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea. The defendant also agrees to waive any and all double jeopardy rights and the statute of limitations should the United States decide to reinstate any charges against the defendant after a violation of the Plea Agreement. The defendant agrees, however, that under such a circumstance he will not be allowed to withdraw any previously accepted guilty plea.

38.    Whether or not the defendant has violated the terms of the plea agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement

<u>ACKNOWLEDGMENTS OF DEFENDANT AND DEFENSE COUNSEL</u>

39.    The defendant and his attorney acknowledge that they have reviewed and defendant understands the possible application of Sentencing Guidelines §1B1.3 (Relevant Conduct) and §1B1.4 (Information to be Used in Imposing Sentence).

- 20 -

40.    The defendant understands that by entering a Plea of Guilty, the defendant is waiving certain of his rights.  Specifically, the defendant understands that by pleading guilty he is waiving the following rights, among others:

a.    The right to plead not guilty or persist in the plea of not guilty if already made.  If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

b.    The right to a trial by jury.  The defendant has an absolute right to a jury trial.  The jury would be composed of twelve persons selected at random.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt.  The defendant could also ask for a trial by the Judge instead of a trial by a jury.

c.    The right to the assistance of counsel at trial.  The defendant has the right to be represented by an attorney at every stage of the proceedings, including trial.  If the Court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.  By entering a guilty plea pursuant to this Plea Agreement, the defendant will not be represented by counsel at a trial on these charges since there will be no trial.

- 21 -

      d.     The right to confront and cross-examine adverse witnesses.  At a trial, the United States would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to see and hear those witnesses and  the defendant's attorney would be able to cross-examine them.  In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf.  If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the Court.

      e.     The right against compelled self-incrimination.  At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify.  If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

    41.    The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs.  The defendant's attorney has explained those rights to  the defendant and the consequences of the waiver of those rights.

- 22 -

42.    Defense Counsel

I have read this Plea Agreement and have discussed it fully with my client,

Andre Jackson.  It accurately and completely sets forth the entire Plea Agreement.  I

concur in the guilty plea as set forth in this Plea Agreement.

Date:____3-27-07____                    s/John Taylor
                                        _____
                                        John C. Taylor
                                        Attorney for the Defendant

43.    Defendant

I have read this entire Plea Agreement carefully and have discussed it fully with

my attorney, John C. Taylor.  I fully understand this agreement and accept and agree to

it without reservation, including the paragraphs labeled "Waiver of Right to Appeal"

and "Waiver of Right to Collateral Attack."

I am entering into this agreement voluntarily and of my own free will in order to

gain the benefit of the promises made by the United States.  I am pleading guilty

because I am in fact guilty, and I agree that the facts stated in this agreement about my

criminal conduct are true.  No threats, promises, or commitments have been made to

me or to anyone else, and no agreements have been reached, express or implied, to

influence me to plead guilty other than those stated in this written plea agreement nor

am I under the influence of anything that could impede my ability to understand fully

this Plea Agreement.

- 23 -

I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it.   I further understand that by signing below I am stating I agree with everything stated in this section of the Plea Agreement and I am accepting and entering into this Plea Agreement in it's entirety.

I hereby reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.

Date:_____3-27-07_____                                    s/Andre Jackson
                                                         Andre Jackson
                                                         Defendant

## ACKNOWLEDGMENT OF THE UNITED STATES

44.    United States Attorney's Office

I accept and agree to this Plea Agreement for the United States of America.

Date:_____3/27/07_____                           s/Colin S. Bruce

                                                 Colin S. Bruce
                                                 Assistant United States Attorney
                                                 201 South Vine Street
                                                 Urbana, Illinois 61802
                                                 Telephone:  217/373-5875