UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Case No. 06-CR-20081** |
| ) | |
| **ANDRE M. JACKSON,** ) | |
| ) | |
| **Defendant.** ) | |

## **ORDER**

On July 19, 2007, a sentencing hearing was held and Defendant, Andre M. Jackson, was sentenced to concurrent terms of 120 months in the Federal Bureau of Prisons for two crack cocaine offenses. On March 18, 2008, Defendant filed a pro se Motion to Reduce Sentence (#17) based on the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing. On March 18, 2008, this court entered a text order and appointed the Federal Defender for the Central District of Illinois to represent Defendant.

On April 16, 2008, Jonathan E. Hawley of the Federal Public Defender's office filed a Motion to Withdraw as Counsel (#18). In his Motion, Defendant's counsel stated that he had thoroughly reviewed Defendant's case and concluded that he is ineligible for a reduction because Defendant was sentenced to the applicable statutory mandatory minimum sentence. Defendant's counsel stated that this court could not impose a sentence lower than originally imposed, regardless of the amendment to the crack cocaine guideline. Defendant's counsel therefore asked to be allowed to withdraw as counsel and asked that Defendant be allowed to proceed pro se.

On April 21, 2008, this court entered an Order (#19). This court noted that a reduction in sentence cannot be granted where the amendment does not have the effect of lowering the defendant's applicable guideline range. This court then stated that Defendant was sentenced to a term of 120 months, the applicable statutory mandatory minimum sentence. This court then granted Defendant's

counsel's motion to withdraw and allowed Defendant to pursue the matter pro se. This court allowed Defendant 30 days to file a pleading that either (a) concedes that the amendment does not apply because his sentence was to the applicable statutory mandatory minimum sentence, or (b) explains why the amendment applies in spite of the sentence to the statutory mandatory minimum.

Defendant has not filed a response to this court's Order and the 30 days allowed for the filing of a response has passed. This court has carefully reviewed the record in this case. Following this careful review, this court agrees with Defendant's counsel that, because Defendant was sentenced to the applicable statutory mandatory minimum sentence of 120 months, he cannot receive a reduction in his sentence based upon the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's pro se Motion to Reduce Sentence (#17) is DENIED.

(3) Defendant has 10 days from the date of this court's order to file a Notice of Appeal with the clerk of this court.

ENTERED this 28th day of May, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE